**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 02-60135
Summary Calendar

EDWARD LAVERNE KELLEY,

Plaintiff - Appellant,

VERSUS

LOCKHEED MARTIN CORPORATION and LOCAL 2386, THE INTERNATIONAL
ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, A.F.L.-C.I.O,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Mississippi
(4:00-CV-178-LN)

October 2, 2002

Before JOLLY, PARKER, and CLEMENT, Circuit Judges.

PER CURIAM: [*]

Edward Laverne Kelley appeals the district court's grant of
judgment as a matter of law to Defendant Lockheed Martin
Corporation ("Lockheed Martin") in his Title VII suit and the grant

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of summary judgment to Defendant International Association of Machinists and Aerospace Workers ("Union") in his 42 U.S.C. § 1981 suit. We affirm on both issues.

Kelley asserts that Lockheed Martin defamed him under Mississippi state law and violated Title VII by discriminating against him on the basis of race. He is black and contends that his absences were treated differently from, and more harshly than, absences of a white co-employee. Lockheed Martin counters that Kelley was fired because of his pattern of unexcused absences, for which he received counseling. Kelley, who is not a Union member, also claims that the Union violated § 1981 by providing him with less representation on his grievance against Lockheed Martin under a collective bargaining agreement than it provided to similarly-situated whites.

The district court granted summary judgment to the Union on the basis that Kelley offered no evidence supporting a claim of a § 1981 violation. The court also granted in part and denied in part Lockheed Martin's motion for summary judgment. The case proceeded to trial against Lockheed Martin only, on the Title VII claim only. Lockheed Martin moved for judgment as a matter of law under FED. R. CIV. P. 50 at the close of Kelley's case-in-chief, which the court denied. The jury was unable to reach a verdict and the court declared a mistrial. Lockheed Martin renewed its judgment as a matter of law motion, which the court then granted. Kelley moved for reconsideration or for a new trial, which the

2

court denied. He now appeals both the district court's grant of judgment as a matter of law in his case against Lockheed Martin and the court's grant of summary judgment in his case against the Union.

We review *de novo* a grant of judgment as a matter of law. *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs, Inc.*, 293 F.3d 912, 917 (5th Cir. 2002). Judgment as a matter of law is appropriate if "there is no legally sufficient evidentiary basis for a reasonable party to find for [a] party on [an] issue." *Id.;* FED. R. CIV. P. 50(a). Reviewing all of the evidence in the record, a "court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." 293 F.3d at 917 (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

We also review *de novo* a grant of summary judgment. *Sreeram v. Louisiana State University Medical Center - Shreveport*, 188 F.3d 314, 318 (5th Cir. 1999). We will reverse the district court's ruling only if we determine that the pleadings and evidence establish that there is a genuine issue of material fact. *Id.;* FED R. CIV. P. 56(c).

The elements of the claims in Title VII and § 1981 cases are the same. *Pratt v. City of Houston, Tex.*, 247 F.3d 601, 606 n.1 (5thCir. 2001). That is, to show a *prima facie* case of race discrimination, the plaintiff must show that (1) he was a member of

3

a protected class, (2) he was qualified for the position, (3) he was terminated or subject to an adverse employment action, and (4) he was treated more harshly than a person not in the protected class. *Id*. n.2 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973)); *Sreeram*, 188 F.3d at 318. The plaintiff must show that the employer gave preferential treatment to another employee under nearly identical circumstances; that is, that the misconduct for which the plaintiff was discharged was nearly identical to that engaged in by other employees. *Okoye v. The Univ. of Tex. Houston Health Science Ctr.*, 245 F.3d 507, 514 (5th Cir. 2001)(citations omitted). Once the *prima facie* case is established, a presumption of discrimination exists and the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the challenged employment action. *Pratt*, 247 F.3d at 606.

Kelley, who is black and thus in a protected class, claimed that Lockheed Martin violated Title VII by treating him more harshly for his absences, and eventually terminating his employment, than it did a white employee by the name of Carlton Floyd. He characterized Floyd as being in a nearly identical position, or similarly situated, to himself. On that basis, the district court initially ruled that Kelley had made out a *prima facie* case and denied Lockheed Martin's motion for summary judgment on the Title VII claim because a genuine issue of material fact

existed.  At trial, however, the admissible evidence presented by both parties yielded a different picture.  Over the pertinent two-year period, Kelley had been absent, arrived late, or departed early some 49 times.  He had been counseled on his absenteeism, had received written notice of warnings, had been subject to discipline, and was aware that he was in jeopardy of being fired if he incurred one more unauthorized absence.  He pointed to Lockheed Martin's retention of Floyd following a series of absences to illustrate his claim of discriminatory treatment.  Floyd, however, was absent less than half the number of times as Kelley in the same period: 24 total.  He had not been given the benefit of counseling, as Kelley had been.  He had been made subject to a three-day disciplinary layoff, as Kelley had been, but which was rescinded when Floyd was able to point out a date error on his record that prematurely marked him for discipline.  There was no such error on Kelley's record.  As the district court determined, Floyd was not in a nearly identical position or similarly situated to Kelley. Kelley's testimony regarding friction between himself and several co-workers and supervisors, of various races, does not aid him because he cannot show any connection to discriminatory disciplinary action taken against him.  Furthermore, Kelley's testimony pointing out other black employees who received favorable treatment over him undermined his own argument that Lockheed Martin acted discriminatorily based on race.  Kelley adduced no evidence at trial and nothing new on appeal in support of his Title VII

claim. As presented, he cannot show that Lockheed Martin intentionally discriminated against him on the basis of race and there is no remaining genuine issue of material fact.

Kelley also contended to the district court that the Union had treated his request for representation differently from that afforded Floyd. He asserted that the Union had provided more favorable review assistance to Floyd than that afforded him, and that the Union voted to deny his request for arbitration. The district court ruled that he had provided no evidence in support of his claim, and granted summary judgment to the Union. As just discussed, Floyd was not similarly situated to Kelley, and Kelley cannot show race-based discrimination on that basis. In deposition, Kelley complained that the Union's representative, Ida Delk, did not represent him to his satisfaction. He also stated, however, that regarding treatment afforded to a white employee, he had "no idea how they was represented" and could not say that such representation was any different from that afforded him. Furthermore, Kelley admitted that he knew of no other employee grievance taken to arbitration by the Union. He has provided no evidence to show a § 1981 violation on the Union's part.

For the reasons stated herein, we AFFIRM both rulings of the district court.